# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 638

STATE ex rel Barrett v. CLEVELAND (City)

Ohio Appeals, Eighth District, Cuyahoga County
No. 4838. Decided June 11, 1923

This opinion has not been published except in Abstract.

MUNICIPAL LAW—(1) Mandamus to restore fireman to his position—(2) Who may suspend or remove fireman.

LEVINE, J.

### Epitomized Opinion

Barrett was member of Cleveland Fire Department from 1913 to 1921. On March 16, 1921, Granger, First Assistant Fire Marshal, suspended Barrett on written charges that Barrett had gossiped and made a false report about Granger. Granger certified in writing to Sprotsy, Director of Public Safety, the cause of the suspension. March 23, 1921, Barrett appeared before Sprotsy to answer the charges and objected to the proceedings on the ground that Granger had no power or authority to suspend him. The hearing proceeded and Sprotsy dismissed Barrett from the Department. Later on appeal the Civil Service Commission affirmed the sentence.

It was admitted that Wallace, Chief of Fire Department, was not ill, out of the city, on a furlough or leave of absence or incapacitated from performing his duties on the day Barrett was suspended. Under the City Charter, the Fire Chief is given exclusive control of stationing, transfering and suspending firemen, but must certify in writing the cause of suspension to the Director of Public Safety. Rule 50 of the Cleveland Fire Department provides in the absence of Chief, his assistant shall have same powers and authority as Chief. The Court of Appeals in reversing Common Pleas Court and ordering Barrett restored to duty as member of Fire Department held:

1. The phrase "in the absence of the Chief" contemplates absence on an occasion demanding immediate exercise of the powers of Chief. The suspension of a member of Fire Department does not call for such immediate exercise of such power. By the Charter the Chief is given exclusive right to suspend and he is therefore the sole person vested with this right.

2. If a fireman is suspended, the Chief and he alone must certify in writing to the Director of Public Safety the cause of the suspension. The Assistant Chief has not the power or duty to do it.

3. The Director of Public Safety has no authority to remove a member of Fire Department unless he has been suspended by Chief and the latter has certified charges to him. Sprotsy was therefore without jurisdiction to hear charges against Barrett. 77 OS. 532.

4. The rules of Fire Department are for benefit of Department to insure proper and effective administration and are not intended to satisfy the whim, caprice or individual grievances, real or imaginary, of any officer thereof. The rule against making a false report must be construed to mean a report relating to work of the Department rather than to personality or character of any superior officer. The rule against gossiping must be construed to mean gossiping about affairs of Department and not about other matters. Granger's claim is for alleged slander.

Attorneys—Day, Isaacs & Day, for Barrett; J. P. Lamb and G. W. Perry, for City of Cleveland.

No. 639

STATE v. RITZLER et al

Ohio Appeals, Sixth District, Seneca County
No. 124. Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

JUSISDICTION—Prosecution by information under GC. 13049—(2) Prosecutor may himself make out affidavit.

CROW, J.

### Epitomized Opinion

An information supported by affidavit was filed by a prosecuting attorney against Ritzler et al for violating 13049 GC in regard to moving picture exhibitions. This information was filed with the Probate Court. The defendants claimed that this court had no jurisdiction over the prosecution and therefore could not try the same. As the Probate Court held for the defendants, plaintiff prosecuted error. In reversing the judgment, the Court of Appeals held:

1. A violation of 13049 GC. may be prosecuted by information in the Probate Court, the term "complaint" contained in said section being generic, and inclusive of the word "Information."

2. The affidavit required by 13443 GC. may be made by the prosecuting attorney who files the information, there being no disqualification of such officer in that respect, either by statutory provision or other public policy.

Attorneys—John L. Lott and Charles E. Derr, for State; Frank T. Dore, Niles & Peters and R. L. DeRan, for Ritzler.

No. 640

PLATERS SUPPLY CO. v. GENERAL SUPPLY CO.

Ohio Appeals, Eighth District, Cuyahoga County
No. 4425. Decided June 4, 1923

This opinion has not been published except in Abstract.

EVIDENCE—(1) Submission of requested charge to jury before argument—(2) Failure to define "merchantable" in action for goods sold.

VICKERY, J.

### Epitomized Opinion

Platers Supply Co. sued General Supply Co. in Cuyahoga Common Pleas to recover $9,000 for goods sold and also for breach of contract for refusing to accept. Jury rendered a verdict for General Supply Co. Platers Supply Co. prosecuted error on ground that court erred in submitting the requests of General Supply Co. to jury before argument, and also that the court in his charge used the word "merchantable" but did not define it and was not requested to do so. The Court of Appeals in reversing the judgment and ordering a new trial held:

1. It was not error for the court to give the requested chrages to the jury before argument.

2. Even though the testimony discussed the goods as merchantable and the court in his charge used the word merchantable, it was not error for the court to fail to define the term since no demand was made therefor by either party.

3. The verdict, however, is manifestly against the weight of the testimony.

Attorneys—Mooney, Hahn, Loeser & Keough, for Platers Supply Co.; Locher, Green and Woods, for General Supply Co.